PEOPLE v HENRY BROWN

1. JURY—CRIMINAL LAW—CONSTITUTIONAL LAW—JURY TRIAL—
   WAIVER—STATUTES.

   The statute which allows a defendant to waive his constitutional
   right to a jury trial is in derogation of the common-law require-
   ment of a jury trial in a criminal case and, therefore, must be
   strictly construed (MCLA 763.3).

2. JURY—CRIMINAL LAW—CONSTITUTIONAL LAW—JURY TRIAL—
   WAIVER—STATUTES—STRICT COMPLIANCE.

   Effective waiver of a defendant's right to a jury trial may be
   made only through strict compliance with the statute authoriz-
   ing such a waiver; thus, a trial court erroneously accepted a
   waiver which was not in writing signed by a defendant and not
   filed and made a part of the record (MCLA 763.3).

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 December
9, 1974, at Detroit. (Docket No. 19289.) Decided
January 8, 1975. Leave to appeal denied, 393 Mich
813.

Henry J. Brown was convicted of armed robbery.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia A. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Robert A. Reuther,* Assistant Prosecuting Attor-
ney, for the people.

*Carl Ziemba,* for defendant on appeals.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 839.

Before: Bronson, P. J., and McGregor and Carland,* JJ.

Carland, J. The defendant Henry James Brown was charged with the commission of the offense of robbery armed, MCLA 750.529; MSA 28.797. Upon trial by the court without a jury, the defendant was convicted and sentenced to a term of 13 years 4 months to 20 years in prison. The defendant appeals as of right.

It is conceded by all parties that on three separate occasions the defendant waived a jury trial and elected to be tried by the court. Counsel for the defendant on November 2, 1973 stated upon the record that his client "understood and knowingly and understandingly did waive his right to jury trial".

On November 27, 1973, the opening day of trial, the defendant sought to withdraw his waiver and asked for a jury trial. It was then discovered for the first time that no written waiver signed by the defendant had been filed in the cause. Despite this fact, the trial judge found that the defendant had effectively waived his right to a trial by jury and refused defendant's request for such a trial and proceeded with the scheduled bench trial.

The sole issue raised on appeal is whether the court erred in finding that the defendant had effectively waived his right to a trial by jury.

MCLA 763.3; MSA 28.856 provides:

"In all criminal cases arising in the courts of this state whether cognizable by justices of the peace or otherwise, the defendant shall have the right to waive a determination of the facts by a jury and may, if he so elect, be tried before the court without a jury. Except in

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

cases cognizable by a justice of the peace, such waiver and election by a defendant shall be in writing signed by the defendant and filed in such cause and made a part of the record thereof. * * * Such waiver of trial by jury must be made in open court after the said defendant has been arraigned and has had opportunity to consult with counsel."

All parties agree that the procedure prescribed by this statute was not followed in the instant case.

"In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury * * * ." Const 1963, art 1, § 20.

Prior constitutions of this state have simply provided "the right of trial by jury shall remain".

In holding the statute here in question to be constitutional, the Supreme Court in *People v Henderson,* 246 Mich 481; 224 NW 628 (1929), beginning on page 482, spoke as follows:

"This section merely declares that the right of trial by jury shall remain. The statute takes nothing from the right. It remains. Passed to expedite trials, the statute gives the accused the additional right to be tried without a jury if he so elects. A statute is necessary to waiver of the right of trial by jury in a criminal case because at common law trial by jury prevailed exclusively. We quote note from 21 Harvard Law Rev 212:

" 'But most of the State constitutions merely declare that the right of trial by jury shall remain inviolate, or that the accused shall enjoy the right to a trial by jury, and under such provisions the courts have almost universally upheld statutes permitting waiver, even in cases of felony. In the absence of such statutes, however, the law of criminal procedure must be derived from the common law, and since at common law trial by jury prevailed exclusively, trial by the court is unauthorized and invalid.'

"It has always been the law of this State that trial by

jury in a criminal case may be waived by the accused where the statute so provides."

The Court then went on to say that prior to 1927, only in justice courts was the waiver of jury trial by a defendant in criminal cases statutorily authorized. In *People v Smith,* 9 Mich 193 (1861), it was specifically held that a jury trial in a criminal case could not be waived in recorder's court because the statute then in force applied only to justice courts.

"It is a general rule that, in the absence of statutory authority, one who is charged with commission of a felony cannot, on pleading not guilty, waive his right to trial by jury." 48 ALR 767, 768; citing *People v Warren,* 122 Mich 504; 81 NW 360 (1899).

In the course of the opinion in *People v Warren, supra,* p 508, it was remarked:

"It has been held that this is a right which cannot be waived, and that a trial by the judge, even by the consent of the prisoner, is erroneous. *State v Maine,* 27 Conn 281 (1858). Article 6, § 28, of the Constitution of this State, also guarantees to the accused the right to a speedy and public trial by jury. This is a right which cannot be waived except by a plea of guilty."
"Contention or remark that waiver of trial by jury in criminal cases is not permissible under the Constitution is wholly at variance with the consistent holdings of this court that trial by jury may be waived when authorized by statute." *People v Henderson, supra,* p 486.

The statute in question being in derogation of the common law must be strictly construed. Since the right to waive trial by jury arises only by statute, it follows that no effective waiver may result except through strict compliance with the mandates contained therein. No waiver in writing

having been signed by the defendant or filed in such cause and made a part of the record thereof, the statute was not complied with and therefore the defendant did not effectively waive his right of trial by jury.

Reversed and remanded for new trial.

All concurred.