PEOPLE v MILLER

Docket No. 57984. Submitted May 4, 1982, at Grand Rapids.—Decided
    December 6, 1982. Leave to appeal denied, 417 Mich 894.

Defendant, Henry Miller, was convicted in Recorder's Court of
    Detroit of possession of a controlled substance. The conviction
    resulted after the jury indicated to the trial court, John H.
    Gillis, Jr., J., that it was hopelessly deadlocked at 11 to 1;
    whether the 11 had voted for conviction or acquittal was not
    then revealed. The trial court then told the defendant that he
    had the option of having the jury sent back to continue deliber-
    ating until a unanimous verdict was reached or of accepting
    the verdict of the 11 jurors. Defendant chose to take the verdict
    of the 11. The jury was polled and 11 jurors found defendant
    guilty. A judgment finding defendant guilty was then entered.
    Defendant appeals, questioning whether he may waive his right
    to a unanimous verdict and, if so, whether the consent to
    waiver in the instant case meets applicable standards for such
    a waiver. *Held:*

    1. Since the United States Supreme Court has held that the
    federal constitution is not offended by a state constitutional
    provision imposing less-than-unanimous verdicts in all but
    capital cases despite the defendant's refusal to consent, the
    federal constitutional right to jury trial is not violated when, in
    a state criminal trial, a defendant does give his consent.

    2. The Court disagreed with a statement from a prior Michi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 600.
   21A Am Jur 2d, Criminal Law § 675.
   47 Am Jur 2d, Jury § 13.
   76 Am Jur 2d, Trial §§ 1112-1114.
[2] 21A Am Jur 2d, Criminal Law § 675.
   47 Am Jur 2d, Jury § 13.
[3] 47 Am Jur 2d, Jury §§ 81-83.
[4] 47 Am Jur 2d, Jury §§ 75, 82.
[5, 6] 76 Am Jur 2d, Trial § 1112.
[6] Validity and efficacy of accused's waiver of unanimous verdict. 97
   ALR3d 1253.
[7] 5 Am Jur 2d, Appeal and Error §§ 624-627.
[8] 47 Am Jur 2d, Jury §§ 75, 80.

gan Supreme Court case that a statute permitting waiver of the right to jury trial or, logically, of any of its components, is a necessary prerequisite to any valid waiver.

3. The right to a unanimous jury may be waived in the absence of statutory authorization.

4. Waiver of a fundamental constitutional right guaranteed an accused requires (1) a specific knowledge of the constitutional right and (2) an intentional decision to abandon the protection of the constitutional right.

5. Defendant's consent did not amount to an intelligent and competent waiver of a constitutional right since there was no explanation to defendant of the consequences if the jury failed to reach a unanimous verdict after further deliberations.

6. Defense counsel's failure to object to improper remarks by the prosecutor precludes appellate review since there was no manifest injustice and a curative instruction would have eliminated any prejudice flowing from the remarks.

Reversed and remanded.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — JURY — LESS-THAN-UNANIMOUS VERDICTS — CONSENT.

The right to a jury trial provided by the federal constitution is not violated when a criminal defendant in a state jury trial gives his consent to a less-than-unanimous verdict (US Const, Am VI).

2. CONSTITUTIONAL LAW — CRIMINAL LAW — JURY — LESS THAN 12 JURORS — LESS-THAN-UNANIMOUS VERDICTS.

There is no legislative or constitutional authorization in Michigan for conviction by a jury of less than 12 in a felony trial or by a less-than-unanimous jury.

3. JURY — WAIVER — COMPLIANCE WITH STATUTORY PROCEDURES.

The procedure by which the right to a jury trial may be waived must be strictly complied with if the waiver is to be valid where a statute sets forth the procedure by which such right may be waived.

4. JURY — WAIVER — STATUTORY AUTHORIZATION.

A statute permitting waiver of the right to jury trial or logically, of any of its components, is not a necessary prerequisite to the valid waiver of such right.

5. CRIMINAL LAW — JURY — UNANIMOUS VERDICTS — WAIVER — STATUTORY AUTHORIZATION.

A criminal defendant's right to a unanimous jury verdict can be

waived by the defendant in the absence of statutory authorization therefor.

6. CONSTITUTIONAL LAW — FUNDAMENTAL RIGHTS — WAIVER.

The waiver of a fundamental constitutional right guaranteed an accused requires (1) a specific knowledge of the constitutional right and (2) an intentional decision to abandon the protection of the constitutional right.

7. CRIMINAL LAW — ARGUMENT OF PROSECUTOR — PRESERVING QUESTION.

Appellate review of allegedly improper arguments by a prosecutor is precluded in the absence of an objection to such arguments where the reviewing court finds no manifest injustice and where a curative instruction would have eliminated any prejudice flowing from the arguments.

8. JURY — WAIVER.

The statute regarding waiver of trial by jury and providing a form therefor applies only where the right to a jury trial itself is being waived (MCL 763.3; MSA 28.856).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Warren H. Siegel,* for defendant on appeal.

Before: D. F. WALSH, P.J., and WAHLS and G. R. McDONALD,* JJ.

WAHLS, P.J. On February 11, 1981, a Detroit Recorder's Court jury convicted defendant, by a vote of 11 to 1, of possession of a controlled substance in violation of MCL 333.7403(2)(a); MSA 14.15(7403)(2)(a). Sentenced to a prison term of from one to four years, defendant appeals as of right.

After the jury deliberated for less than two

* Circuit judge, sitting on the Court of Appeals by assignment.

hours, the bailiff informed the court that the jury had indicated it was hopelessly deadlocked. The vote was 11 to 1; whether the 11 had voted for conviction or acquittal was not revealed. The trial judge told defendant he had the option of either having the jury sent back and asked to continue deliberating until a unanimous verdict was reached or accepting the verdict of the majority of 11. Defense counsel indicated that while he was not inclined to recommend defendant accept the majority vote, he would leave the decision to defendant. Defendant stated he understood the options and chose to take the verdict of the 11.[1] The jury was polled; 11 jurors found defendant guilty, 1 voted for acquittal.

The primary issue we address in this case is one not before addressed in Michigan: Whether, consistent with the right to trial guaranteed by the United States and Michigan Constitutions,[2] a crim-

---

[1] The colloquy between the court, defense counsel, and defendant is as follows:

"*The Court:* All right. Mr. Hamilton, what's your position?

"*Mr. Hamilton:* Your Honor, I've asked my client to think about it. Myself, I'm not inclined to recommend that he take the majority, but I've asked him to think about it and I'll go with whatever he feels comfortable with.

"*The Court:* What does your client—

"*Mr Hamilton:* He said he'd rather have it over with. Are you saying that you'd rather go with the majority?

"*The Court:* Mr. Miller, we can do a couple things here. I can send the jury back and ask them to continue deliberating till they've reached a unanimous verdict, or if you agree to it, we can take the verdict of the 11 who have made up their minds. I mean we can take the verdict of the majority, I should say.

"*Mr. Hamilton:* Do you understand the options that he indicated he has?

"*The Defendant:* Uh-huh.

"*The Court:* Do you wish to take the verdict of the 11—

"*Mr. Hamilton:* Or do you want them to go back and deliberate some more?

"*The Court:* Do you understand?

"*The Defendant:* Yes, I understand. I'll take the verdict of 11."

[2] US Const, Am VI (held applicable to the states through the Due

inal defendant in a Michigan state court may waive his right to a unanimous jury verdict and, if so, whether the defendant's consent to the non-unanimous verdict in this case meets applicable standards for waiver of a constitutional right.

Until *Williams v Florida,* 399 US 78; 90 S Ct 1893; 26 L Ed 2d 446 (1970), the decisions of the Supreme Court assumed that the trial by jury established by the federal constitution meant a jury trial as it existed at common law. See *Patton v United States,* 281 US 276, 288-290; 50 S Ct 253; 74 L Ed 854 (1930). The elements of the common-law jury trial were the 12-man jury, the presence and superintendence of a judge having the power to instruct the jury on the law and to advise them upon the facts, and the unanimous verdict. *Patton, supra,* 281 US 288. And, until *Patton, supra,* jury trials could not be waived by consenting defendants at common law, *Singer v United States,* 380 US 24; 85 S Ct 783; 13 L Ed 2d 630 (1965).

In *Patton, supra,* p 298, the Court decided that a jury trial was a right which the accused might "forego at his election". In *Williams, supra,* pp 92-93, the Court observed that "the relevant constitutional history casts considerable doubt on the easy assumption * * * that if a given feature existed * * * at common law in 1789, then it was necessarily preserved in the Constitution", and the Court thereafter held that the Sixth Amendment, as applied to the states through the Fourteenth Amendment, was not violated by a state law providing for a six-man jury in non capital cases.

The Court in *Williams* expressly left unanswered the question of whether unanimity "is an

Process Clause of the Fourteenth Amendment in *Duncan v Louisiana,* 391 US 145; 88 S Ct 1444; 20 L Ed 2d 491 [1968]), Const 1963, art 1, §§ 14 and 20.

indispensable element of the Sixth Amendment jury trial". 399 US 100, fn 46. In *Apodaca v Oregon,* 406 US 404; 92 S Ct 1628; 32 L Ed 2d 184 (1972), the Court *held* that a state constitutional provision imposing less-than-unanimous verdicts in state criminal prosecutions does not violate the Sixth Amendment, although a unanimous verdict is constitutionally required in a federal criminal trial.[3]

In *Johnson v Louisiana,* 406 US 356; 92 S Ct 1620; 32 L Ed 2d 152 (1972), decided the same day as *Apodaca,* a plurality of the Court rejected defendant's contention that the reasonable doubt standard, implicit in the Due Process Clause of the Fourteenth Amendment, required a unanimous verdict and was violated by defendant's conviction under the Louisiana constitution which required merely nine votes to convict. The Court observed that 9 jurors—a "substantial majority" of the 12-member jury—were convinced by the evidence:

[3] This result was the product of a "curious" split in the Court, succinctly explained in *United States v Gipson,* 553 F2d 453, 456, fn 3 (CA 5, 1977):

"The four Justices joining the Court's plurality opinion found that unanimity is not an indispensable ingredient of the sixth amendment jury-trial right. The four dissenting Justices, on the other hand, found that it is, making no distinction between federal and state trials on the theory that *Duncan [supra]* made the entire panoply of sixth amendment rights applicable to the states. The swing vote of Justice Powell joined the plurality to the extent he believed that unanimity is not required in state trials and the dissenters to the extent that he believed it is still a necessary element in federal trials. Justice Powell's split vote was due to his rejection of the notion that *Duncan* incorporated all sixth amendment guarantees 'jot for jot' into the fourteenth amendment's due process clause. He concluded that jury unanimity is not 'in fact so fundamental to the essentials of jury trial that this particular requirement of the Sixth Amendment is necessarily binding on the States under the Due Process Clause of the Fourteenth Amendment.' 406 US 373."

This requirement has been codified in Rule 31(a) of the Federal Rules of Criminal Procedure which requires that a jury verdict in a federal criminal trial be unanimous.

"[D]isagreement of three jurors does not alone establish reasonable doubt, particularly when such a heavy majority of the jury, after having considered the dissenters' views, remains convinced of guilt. That rational men disagree is not in itself equivalent to a failure of proof by the State, nor does it indicate infidelity to the reasonable-doubt standard." 406 US 362.

In *Ballew v Georgia,* 435 US 223; 98 S Ct 1029; 55 L Ed 2d 234 (1978), the Court held that a jury of less than six members deprived a defendant in a criminal case of his constitutional right to a jury trial. And in *Burch v Louisiana,* 441 US 130; 99 S Ct 1623; 60 L Ed 2d 96 (1979), a unanimous Court struck down a provision that misdemeanors punishable by more than six months "shall be tried before a jury of six persons, five of whom must concur to render a verdict".

The United States Supreme Court has not decided the specific question, present here, of whether, under the federal constitution, a defendant may consent to a less-than-unanimous verdict in a state criminal trial. We conclude, as have the courts in two other states,[4] that since *Johnson* and *Apodaca* hold the federal constitution is not offended by a state constitutional provision imposing less-than-unanimous verdicts in all but capital cases, despite the defendant's refusal to consent, the federal constitutional right to jury trial is not violated when, in a state criminal trial, a defendant does give his consent.

Two provisions in the Michigan Constitution pertain to a criminal defendant's right to a jury trial. Const 1963, art 1, § 14 provides:

"The right of trial by jury shall remain, but shall be

[4] *State v McKay,* 280 Md 558; 375 A2d 228 (1977); *Taylor v State,* 612 P2d 851 (Wy, 1980).

waived in all civil cases unless demanded by one of the parties in the manner prescribed by law. In all civil cases tried by 12 jurors a verdict shall be received when 10 jurors agree."

In Michigan the right of trial by jury means the right as it existed at common law when the state constitution was adopted, which was a trial by a jury of 12, whose determination must be unanimous. *McRae v Grand Rapids, L & D R Co,* 93 Mich 399; 53 NW 561 (1892).

Const 1963, art 1, § 20 provides, in part, that an accused in a criminal prosecution "shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 jurors in prosecutions for misdemeanors punishable by imprisonment for not more than 1 year".

There is no legislative or constitutional authorization for conviction by a jury of less than 12 in a felony trial or by a less-than-unanimous jury. Rule 512.1 of the General Court Rules of 1963, promulgated by the Supreme Court pursuant to Const 1963, art 6, § 5, does suggest the right to a 12-member unanimous jury may be waived:

"Juries of Less than Full Complement; Majority Verdict. The parties may stipulate in writing or on the record that the jury shall consist of any number less than 12 or 6 as the case may be, or that a verdict of a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury. In the absence, of such stipulation, a verdict in criminal cases shall be unanimous; and in civil cases tried by 6 jurors, a verdict shall be received when 5 jurors agree."

Defendant argues, however, that in Michigan, in the absence of a legislative provision authorizing waiver of the constitutional (and common law)

right to a unanimous jury, such waiver is a nullity.

In *Hill v People,* 16 Mich 351, 358 (1868), the Court determined that an accused was not permitted to waive rights guaranteed by the constitution and the common law to attend a criminal trial:

"[W]e think there would be great danger in holding it competent for a defendant in a criminal case, by waiver or stipulation, to give authority which it could not otherwise possess, to a jury of less than twelve men, for his trial and conviction; or to deprive himself in any way of the safeguards which the constitution has provided him, in the unanimous agreement of twelve men qualified to serve as jurors by the general laws of the land.

\* \* \*

"It is the duty of courts to see that the constitutional rights of a defendant in a criminal case shall not be violated, however negligent he may be in raising the objection. It is in such cases, emphatically, that consent should not be allowed to give jurisdiction."

In *People v Henderson,* 246 Mich 481; 224 NW 628 (1929), however, the Court upheld the validity of the forerunner to MCL 763.3; MSA 28.856 (1929 CL 17131), which granted the accused the right to waive trial by jury, and be tried by a court, upon compliance with the specified requirements.[5] The constitution, stated the Court, "merely declares that the right of trial by jury shall remain".

---

[5] MCL 763.3; MSA 28.856 provides:

"(1) In all criminal cases arising in the courts of this state, the defendant shall have the right to waive a determination of the facts by a jury and may, if he or she elects, be tried before the court without a jury. Except in cases of minor offenses, the waiver and election by a defendant shall be in writing signed by the defendant and filed in the case and made a part of the record. The waiver and election shall be entitled in the court and case, and in substance as follows: 'I, _____, defendant in the above case, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried

"The statute takes nothing from the right. It remains. Passed to expedite trials, the statute gives the accused the additional right to be tried without a jury if he so elects. *A statute is necessary to waiver of the right of trial by jury in a criminal case because at common law trial by jury prevailed exclusively." People v Henderson, supra,* p 482. (Emphasis added.)

In holding that the waiver of the right to a jury trial itself must be made in strict compliance with the statute to be effective, this Court has on several occasions stated that the right to waive a trial by jury arises only by statute, citing *Henderson.* See *People v Henry Brown,* 57 Mich App 568; 226 NW2d 563 (1975), *lv den* 393 Mich 813 (1975); *People v Polhamus,* 59 Mich App 609; 230 NW2d 171 (1975); *People v Word,* 67 Mich App 663; 242 NW2d 471 (1976). It is upon *People v Henry Brown, supra,* which defendant relies, in claiming his waiver of unanimity was incompetent because it was not authorized by statute.

We do not question the principle that, where a statute sets forth the procedure by which the right to a jury trial may be waived, the procedure must be strictly complied with if the waiver is to be valid. We disagree, however, that the broad statement in *Henderson,* that a statute permitting waiver of the right to jury trial or, logically, of any of its components, is a necessary prerequisite to any valid waiver, continues to be a correct statement of the law.

by a judge of the court in which the case may be pending. I fully understand that under the laws of this state I have a constitutional right to a trial by jury.'

Signature of Defendant.

"(2) Except in cases of minor offenses, the waiver of trial by jury shall be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel."

Subsequent to *Henderson,* in *Attorney General v Montgomery,* 275 Mich 504; 267 NW 550 (1936), the Court questioned its reasoning in *Hill v People, supra,* and held that an oral waiver by an accused charged with a felony to a trial by 11 rather than 12 jurors, in the absence of any statutory authorization, did not violate the defendant's statutory or constitutional rights.

Justice POTTER, writing for the Court in *Montgomery,* determined that *Henderson* and like cases involving waiver of a jury trial where authorized by statute "do not decide the question here at issue". *Montgomery, supra,* p 527. Turning to the decision in *Hill v People,* Justice POTTER quoted extensively from decisions in other jurisdictions disapproving the rule followed in *Hill.* Representative is the following statement from *State v Sackett,* 39 Minn 69; 38 NW 773 (1888):

" 'The wise and beneficent provisions found in the Constitution and statutes, designed for the welfare and protection of the accused, may be waived, in matters of form and substance, when jurisdiction has been acquired, and within such limits as the trial court, exercising a sound discretion in behalf of those before it, may permit. The defendants, having formally waived a juror, and stipulated to try their case with 11, cannot now claim that there was a fatal irregularity in their talk.' " *Montgomery, supra,* p 536.

The "truth rule", declared Justice POTTER,

"is that the right of trial by jury is what Blackstone said of it: 'The most transcendent privilege which any subject can enjoy,' 3 Blackstone's Commentaries (Hammond's ed), p 379, and, being a privilege, it may be waived by the voluntary act of defendant." *Montgomery, supra,* p 536. (Emphasis deleted.)

Justice POTTER concluded, as had courts in other jurisdictions, that, other constitutional rights being susceptible of waiver by a criminal defendant, there was no impediment to waiver of the right to trial by 12 jurors:

"Where all these safeguards are thrown around a defendant charged with crime, where he may voluntarily confess his guilt and such confession may be proved against him on the trial; where he may waive a jury trial and enter a plea of guilty and such plea of guilty is made the basis of a judgment or sentence; where the legislature is specifically authorized to provide for a jury of less than 12 persons; where he may waive, in a court of record, upon complying with the statute, the right of trial by jury in a criminal case; and can waive the right of trial by jury, in a court of record, by his own voluntary act, regardless of the statute, there is no danger in permitting defendant in a criminal case to waive the privilege of trial by a jury of 12 persons and consent to be tried by a jury of 11 persons. He need not enjoy the right of a speedy and public trial by an impartial jury if he does not want to. He may consent to be tried by the court, or he may consent to be tried by a jury of less than 12. Under circumstances such as arose in this case, the defendant may be better satisfied to proceed with a jury consisting of 11 jurors already sworn than to take his chances upon the discharge of that jury and the impaneling of another." *Montgomery, supra,* 539.

Since, like a multitude of other privileges guaranteed by the constitution to an accused, defendant's right to a 12-member jury is susceptible of waiver in the absence of statutory authorization,[6]

---

[6] Among the rights which an accused may waive are: right to confront witnesses, *People v Murray,* 52 Mich 288; 17 NW 843 (1883); right to be present at trial, *People v Swan,* 394 Mich 451; 231 NW2d 651 (1975), *cert den* 423 US 990; 96 S Ct 402; 46 L Ed 2d 308 (1975); right against self-incrimination, *People v Roger Johnson,* 382 Mich 632; 172 NW2d 369 (1969), *cert den* 397 US 1079; 90 S Ct 1533; 25 L Ed 2d 816 (1970); right to counsel, *People v Holcomb,* 395 Mich 326;

we see no reason why the right to an unanimous jury verdict cannot also be waived. This conclusion is in accord with that reached in *Taylor v State* and *State v McKay,* see fn 4 *supra,* and by the Kentucky Court of Appeals in *Ashton v Commonwealth,* 405 SW2d 562, 571 (Ky, 1965), *rev'd on other grounds* 384 US 195; 86 S Ct 1407; 16 L Ed 2d 469 (1966), in which the court asked: "On what logical basis is unanimity a more sacred right?"[7] Indeed, our holding is consistent with the "trend of modern authority * * * in favor of the doctrine that a party in a criminal case may waive irregularities and rights, whether constitutional or statutory, provided such waiver is not contrary to public policy". 21A Am Jur 2d, Criminal Law, § 633, pp 40-41. (Footnotes omitted.)

Having concluded that defendant may waive his right to jury unanimity, we must determine whether the waiver in this case met applicable constitutional standards.[8] Waiver of a fundamental

235 NW2d 343 (1975); right to speedy trial, *People v Browning (On Rehearing),* 108 Mich App 281; 310 NW2d 365 (1981); right to appeal, *People v McKinley,* 383 Mich 529; 176 NW2d 406 (1970).

[7] The Wisconsin Court of Appeals, in *Holland v State* 87 Wis 2d 567; 275 NW2d 162 (1979), concluded that the right to a unanimous verdict, expressly provided for in the state constitution, was "so fundamental that it cannot be waived". *Holland,* however, involved the issue of whether defendant's failure to object to a given instruction waived his right to unanimity, not an affirmative waiver by defendant. Federal circuit courts in reviewing federal criminal convictions have held unanimity may not be affirmatively waived by a defendant. *Hibdon v United States,* 204 F2d 834 (CA 6, 1953); *United States v Lopez,* 581 F2d 1338 (CA 9, 1978). The court's conclusion in *Lopez* was based solely on interpretation of the Federal Rules of Criminal Procedure. The court in *Hibdon* found defendant's consent to a non-unanimous jury verdict constitutionally invalid, believing the requirement of unanimity was "inextricably interwoven" with the reasonable doubt standard. This rationale was, however, rejected by the Supreme Court, in the context of a state criminal prosecution, in *Johnson v Louisiana, supra.*

[8] Although defendant argues that waiver should comport with the requirements of MCL 763.3; MSA 28.856, that statute applies, by its own terms and according to judicial interpretation, only where the

constitutional right guaranteed an accused requires 1) a specific knowledge of the constitutional right and 2) an intentional decision to abandon the protection of the constitutional right. *People v Grimmett,* 388 Mich 590, 598; 202 NW2d 278 (1972).

On the particular facts of this case, we conclude defendant's consent did not amount to an intelligent and competent waiver of a constitutional right. Defendant was given a choice between a majority verdict and having the jury, which had declared itself "hopelessly deadlocked", asked to deliberate further. There was no explanation to defendant on the record by counsel or the court of the consequences if the jury failed to reach a unanimous verdict after further deliberation, *i.e.,* that a mistrial would be declared, and that defendant would suffer no penalty as a consequence of opting for such declaration. In the absence of such an explanation, we do not believe defendant's waiver can be presumed to have been voluntarily and intelligently made.

Defendant also argues improper remarks by the prosecutor, in which reference was made to "Young Boys, Incorporated", denied him a fair trial. We agree the remarks were unsupported by any testimony at trial and improper. However, defense counsel's failure to object precludes appellate review of the error, as we find no manifest injustice here. See *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977). A curative instruction, timely requested, would have eliminated any prejudice flowing from the remarks.

Reversed and remanded for a new trial.

right to jury trial itself is being waived. See *People v Rabin,* 317 Mich 654; 27 NW2d 126 (1947), *cert den* 332 US 759; 68 S Ct 60; 92 L Ed 345 (1947); *People v Polhamus, supra,* fn 5 *supra.*