PEOPLE v McCURDY

Docket No. 113642. Submitted March 8, 1990, at Lansing. Decided
    September 17, 1990.

Ted McCurdy, also known as Ralph Terry Ratcliff, was convicted
    following a jury trial in the Oakland Circuit Court of two
    counts of armed robbery. The trial court, John N. O'Brien, J.,
    sentenced him to 7½ to 20 years imprisonment on each count.
    Defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion when it admit-
ted third-party testimony by police officers concerning the
complainants' identification of defendant at the photographic
showup and at the corporeal lineup.

2. The pretrial identification procedures were not so unneces-
sarily suggestive as to give rise to a substantial likelihood of
irreparable misidentification constituting a denial of due pro-
cess of law. There is clear and convincing evidence that the
complainants' trial testimony identifying defendant had a basis
independent of the allegedly tainted pretrial corporeal lineup.

3. There was no sentencing error.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — IDENTIFICATION TESTIMONY —
    THIRD-PARTY IDENTIFICATION.

A third party may testify concerning an identification of a
    defendant at a showup or lineup where the declarant testifies
    at the trial and is subject to cross-examination concerning the
    statement; such testimony may, however, be excluded where it
    is found to be unduly prejudicial (MRE 403, 801[d][1]).

2. APPEAL — PRESERVING QUESTION.

A defendant may not assign error on appeal to something which
    his own counsel deemed proper at trial.

REFERENCES
Am Jur 2d, Appeal and Error § 595; Criminal Law § 595; Evidence
    §§ 372, 373.
See the Index to Annotations under Appeal and Error; Hearsay;
    Sentence and Punishment.

3. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.
   A trial court's statement that it is sentencing the defendant to a
   sentence within the range recommended by the sentencing
   guidelines is a sufficient articulation of the reasons for the
   sentence imposed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people.

*Laurence R. Imerman,* for defendant.

Before: GRIFFIN, P.J., and WAHLS and BRENNAN, JJ.

WAHLS, J. On November 13, 1987, an Oakland Circuit Court jury convicted defendant of two counts of armed robbery, MCL 750.529; MSA 28.797. On November 30, 1987, defendant was sentenced to 7½ to 20 years on each count. Defendant appeals as of right from his convictions and sentences. We affirm.

Complainants Anthony and Frank Capizzi testified that on January 25, 1986, they were robbed of approximately $300, two gold necklaces, and a car at gunpoint by a man who identified himself as "Larry." The Capizzis identified defendant as that man. Each Capizzi had opportunities to view defendant from close range during the robbery which lasted approximately twenty minutes.

I

A

Only one of defendant's claims of trial error merits extended discussion. Defendant claims that

the trial court abused its discretion when it admitted third-party testimony by police officers concerning the Capizzis' identification of defendant at the photographic showup and at the corporeal lineup.

We agree with decisions of this Court which have held that MRE 801(d)(1) allows a third party to ·testify concerning an identification of a defendant at a showup or lineup. See *People v Beam,* 125 Mich App 289; 335 NW2d 684 (1983), lv den 418 Mich 858 (1983); *People v Turner,* 116 Mich App 421; 323 NW2d 425 (1982); see also *People v Michael,* 181 Mich App 236, 244-245; 448 NW2d 786 (1989) (GRIBBS, P.J., concurring). MRE 801(d)(1) excludes from the definition of hearsay a "statement . . . of identification of a person made after perceiving him." We acknowledge that testimony relating such a statement otherwise would be inadmissible because it is "classic hearsay testimony." *Michael, supra,* p 241; see *People v Sanford,* 402 Mich 460, 497; 265 NW2d 1 (1978) (opinion by RYAN, J.), citing *People v Poe,* 388 Mich 611; 202 NW2d 320 (1972). Nonetheless, as just stated, MRE 801(d)(1) excludes such a *statement* from the hearsay rule, MRE 802, and does not limit the exclusion to testimony by the declarant himself.

The only condition in the exclusion requires that "[t]he declarant testifies at the trial . . . and is subject to cross-examination concerning the statement," MRE 801(d)(1). *Sanford, supra,* pp 497-498 (opinion by RYAN, J.). Obviously, if only the declarant was permitted under the rule to testify to his statement of identification, then he would already be testifying and subject to cross-examination concerning the statement. The condition is, however, significant because it honors defendant's constitutional right of confrontation of the witness-declar-

ant in two ways. US Const, Am VI; Const 1963, art 1, § 20; but cf. *Sanford, supra,* p 498 (opinion by KAVANAGH, C.J.). First, it requires the prosecutor to produce and call the declarant at trial or forego presenting testimony relating the declarant's. statement. Second, it supersedes the trial court's discretion under MRE 611(b) to "limit cross-examination with respect to matters not testified to on direct examination." In other words, assuming a scenario where the prosecutor produces and calls the declarant, but does not examine the declarant regarding the statement, the trial court would have no authority to preclude confrontation of the declarant concerning the statement on the ground that the issue was not raised on direct. In this case, the Capizzis testified at trial and were subject to cross-examination.

Although we agree that MRE 801(d)(1) "implicitly acknowledges . . . that the hearsay character and cumulative effect of the testimony of a third person to an out-of-court identification, as well as that given by the identifier himself, is not so inherently prejudicial that it must necessarily be excluded in all cases," *Sanford, supra,* p 497 (opinion by RYAN, J.), we believe that the rule does not foreclose the possibility that, under the circumstances of a particular case, third-party testimony may be excluded as unduly prejudicial under MRE 403. Applying that standard in this case, we find that the trial court did not abuse its discretion in admitting the third-party testimony.

B

Defendant's remaining claims of trial error merit only summary discussion.

In light of the totality of the circumstances

surrounding the pretrial identification procedures, we find that the procedures were not so unnecessarily suggestive as to give rise to a substantial likelihood of irreparable misidentification constituting a denial of due process of law, and, further, we find clear and convincing evidence that the Capizzis' trial testimony identifying defendant had a basis independent of the allegedly tainted pretrial corporeal lineup. See *People v Kachar,* 400 Mich 78, 91, 95-97; 252 NW2d 807 (1977); *People v Lee,* 391 Mich 618, 626; 218 NW2d 655 (1974); *People v Anderson,* 389 Mich 155,168-169; 205 NW2d 461 (1973). Due to our resolution of this issue and the previous issue, we reject defendant's additional claims related to the admission of identification testimony at the preliminary examination and at trial.

Assuming it was error for the trial court to admit into evidence the photograph of defendant used in the prearrest photographic showup, we will not reverse absent manifest injustice because defendant did not object. MRE 103(a)(1) and (d); *People v McConnell,* 124 Mich App 672, 679; 335 NW2d 226 (1983). Considering the overwhelming evidence against defendant, there is no manifest injustice in this case.

Defendant's constitutional right to confront the witnesses against him, US Const, Am VI; Const 1963, art 1, § 20, was not impermissibly compromised by the admission of the preliminary examination testimony of a witness who did not appear and testify at defendant's trial. It was defendant who ultimately had the testimony admitted. Defendant may not "assign error on appeal to something which his own counsel deemed proper at trial." *People v Roberson,* 167 Mich App 501, 517; 423 NW2d 245 (1988), lv den 431 Mich 874 (1988).

II

In defendant's original brief on appeal, defendant claimed that the sentencing court failed to sufficiently articulate its reasons for the sentences it imposed. Pursuant to this Court's order, defendant was resentenced at which time the sentencing court stated that it was sentencing defendant within the guidelines to terms of 7½ to 20 years. Since the court's statement that it was sentencing within the guidelines is a sufficient articulation of reasons for the sentences imposed, and the sentences do not shock our conscience, we now reject defendant's claim of sentencing error. *People v Broden,* 428 Mich 343, 355; 408 NW2d 789 (1987); *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983); cf. *People v Triplett,* 432 Mich 568, 573; 442 NW2d 622 (1989).

Affirmed.