PEOPLE v CHAMPION

Docket No. 129919. Submitted July 14, 1992, at Detroit. Decided
December 11, 1992; approved for publication February 17, 1993,
at 9:05 A.M. In lieu of granting leave to appeal, the judgment of
the Court of Appeals is reversed, 442 Mich 873.

Michael Champion was convicted by a jury in the Recorder's
Court for the City of Detroit, Terrance K. Boyle, J., of two
counts of first-degree criminal sexual conduct, two counts of
armed robbery, and one count of breaking and entering. He
was then found guilty of being an habitual offender, third
felony, and was sentenced to sixty to ninety years' imprison-
ment. He appealed, alleging violation of his constitutional right
to a twelve-person jury.

The Court of Appeals *held:*

The trial court erred in allowing the defendant to stipulate
that the jury could consist of eleven jurors before a jury of
twelve was impaneled. MCR 6.410(A) permits such a stipulation
only after a jury of twelve or more jurors has been impaneled.

Reversed.

TAYLOR, P.J., dissenting, stated that a defendant should not
be allowed to prevail with regard to an alleged error that
defense counsel deemed proper at trial. In addition, if error
occurred in this case, it was harmless.

CRIMINAL LAW — TRIAL — JURY — FEWER THAN TWELVE JURORS.

The parties in a criminal trial, with the court's consent, may
stipulate that the case may be decided by a specified number of
jurors less than twelve; such a stipulation must occur after a
jury of twelve or more jurors has been impaneled and before a
verdict is returned (MCR 6.410[A]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *John D. O'Hair,* Prosecut-

REFERENCES

Am Jur 2d, Jury §§ 124, 125, 128, 130, 132.

Statute reducing number of jurors as violative of right to trial by
jury. 47 ALR3d 895.

Sufficiency of waiver of full jury. 93 ALR2d 410.

ing Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*), for the defendant on appeal.

Before: Taylor, P.J., and Brennan and Marilyn Kelly, JJ.

Per Curiam. Following a jury trial, defendant was convicted of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c), two counts of armed robbery, MCL 750.529; MSA 28.797, and one count of breaking and entering, MCL 750.110; MSA 28.305. The trial court then found defendant guilty of being a third-felony offender, MCL 769.11; MSA 28.1083. He was sentenced to sixty to ninety years' imprisonment. He appeals as of right, and we reverse.

Defendant argues that he was denied his constitutional right to a twelve-person jury because his waiver of a full jury was coerced and because his waiver was taken before twelve jurors were impaneled. MCR 6.410(A) provides in pertinent part:

After a jury of 12 or more jurors has been impaneled and before a verdict is returned, the parties may stipulate with the court's consent to have the case decided by a specified number of jurors less than 12.

In the present case, the trial court allowed defendant to stipulate that the jury could consist of eleven jurors before a jury of twelve was impaneled. Accordingly, we find that reversal is warranted. As a result of our disposition of this issue, we need not address defendant's remaining issues.

Reversed.

Taylor, P.J. *(dissenting).* Twelve prospective ju-

rors were selected after a lengthy voir dire process. No prospective jurors who had not been selected remained. The trial court specifically pointed out that if defendant exercised his last peremptory challenge, thus reducing the number of selected jurors to eleven, more prospective jurors would be obtained upon defendant's request. On the basis of their reading of MCR 6.410, the parties agreed to proceed with eleven jurors after the defense exercised its last peremptory challenge.[1]

This Court should not allow a defendant to prevail on the assignment of error to something his own attorney deemed proper at trial. *People v McCurdy,* 185 Mich App 503, 507; 462 NW2d 775 (1990). To do otherwise is to encourage the defense to systematically harbor error as the means of fashioning appellate parachutes, a practice that the efficient administration of justice must not condone. See, e.g., *People v Shuler,* 188 Mich App 548, 552; 470 NW2d 492 (1991). *People v Simon,* 174 Mich App 649, 657; 436 NW2d 695 (1989).

Further, I am not convinced that the trial court acted improperly in this case. The court rule allows the parties to stipulate that the case may be decided by a specified number of jurors less than twelve "[a]fter a jury of 12 or more jurors has been impaneled and before a verdict is returned." According to Black's Law Dictionary (5th ed), "impaneling" means making up a list of those jurors summoned to appear in court to form a jury or a list of the jurors selected to try a particular case. I am aware of no authority for the proposition that a panel need be sworn in order to be impaneled. At the time the parties, including defendant, stipulated that they would proceed with eleven jurors, they were well aware of which jurors would be on

---

[1] The prosecutor agreed not to exercise his remaining peremptory challenges as part of the parties' stipulation.

a list of those selected to try this case.[2] Therefore, even if the trial court's understanding of the court rule was erroneous, a question I would not decide here, any such error was clearly harmless in this case. See *Attorney General ex rel O'Hara v Montgomery,* 275 Mich 504, 536; 267 NW 550 (1936); *People v Rabin,* 317 Mich 654, 664; 27 NW2d 126 (1947), cert den 332 US 759 (1947); *People v Miller,* 121 Mich App 691, 703; 329 NW2d 460 (1982).

Because I would find no error warranting reversal in any of the issues raised by defendant, I would affirm.

---

[2] It is also apparent that defendant was in no way coerced to agree to being tried by eleven jurors.