## William Ward v. The People.

*Constitutional law: Trial by jury: Criminal cases: Justice's courts.* The provision of our constitution (*Art. VI.,* § *27*), preserving the right of trial by jury, does not preclude a trial by the justice without a jury in criminal cases triable before a justice of the peace, where the defendant expressly so elects.

*Justice's courts: Assault and battery: Jury trial: Election to be tried without a jury: Constitutional law.* The trial of a defendant by a justice without a jury, upon a criminal complaint for a simple assault and battery, where the defendant, after having pleaded not guilty, on being asked by the justice if he wished a trial by a jury, declared that he did not, and submitted to a trial without calling for a jury, is held not a violation of the defendant's constitutional rights.

*Constitutional law: Jury trial: Implied waiver: Justice's courts.* The constitutional provision, it seems, does not authorize any implied waiver of a jury in criminal cases, from the silence of a defendant, or his mere failure to demand a jury, notwithstanding the statute concerning criminal proceedings before justices (*Comp L.,* § *5530*) authorizes the justice to proceed to try the issue and determine the case "if no jury be demanded."

*Heard July 8. Decided July 24.*

Error to Kent Circuit.

*O. H. Look,* for plaintiff in error.

*Isaac Marston, Attorney General,* for the People.

CHRISTIANCY, J.

The only question in this case is, when a defendant brought before a justice of the peace upon a criminal complaint for a simple assault and battery, triable by a justice's court under *chapter 94 of the Revised Statutes of 1846* (*Comp. L. of 1871, chapter 179*), having pleaded not guilty, and being asked by the justice if he wishes a trial by a jury, declares that he does not, and submits to a trial without calling for a jury, whether, under our constitution, a trial by the justice without a jury, is valid; or whether it must be regarded as a violation of the defendant's constitutional rights.

The statute in question (*Sec. 6, Chap. 179, Comp. L. of 1871*) not only provides that he may be tried by the jus-

tice under such circumstances, but that the justice may proceed to try the issue and determine the case "if no jury be demanded."

The constitution (*Article 6, Sec. 18*) provides that justices of the peace "shall have such criminal jurisdiction, and perform such duties, as shall be prescribed by the legislature." But the section upon which the plaintiff in error relies is *section 27* of the same article, which is in these words: "The right of trial by jury shall remain, but shall be deemed to be waived *in all civil cases*, unless demanded by one of the parties in such manner as shall be prescribed by law."

It is very clear that this section in its application to criminal cases, does not authorize any implied waiver of a jury from the silence of a defendant, or his mere failure to demand a jury; and in my opinion (though the point does not arise here), in a criminal case, where, under our humane system of administering criminal law, nothing is to be inferred against a prisoner for his standing mute, he cannot properly be regarded as having waived a jury—a trial by which is generally esteemed a privilege—by merely failing to demand it, notwithstanding the statute cited so provides. But upon this point, as it is not necessarily involved, my brethren express no opinion. But it is further insisted by the plaintiff in error that the provisions of *section 27, article 6* of the constitution, above cited, expressly providing that the rights of trial by jury shall be deemed to be waived in civil cases, unless demanded, etc., involves an implied prohibition against any waiver of trial by jury in a criminal cause. But while I think it may be regarded as an implied prohibition against having the mere failure of the defendant to demand a jury trial treated as a waiver of such trial, I do not think there is any thing in the provision which prevents the defendant from expressly electing whether he will have a jury trial, or be tried by the court without a jury.

The law secures to him the right of being tried in either

way, as he may prefer, and though a trial by jury might generally be considered as more advantageous to a defendant, yet, he may sometimes prefer to be tried by the court without a jury; and, if he deems it a privilege to be thus tried, it certainly cannot be any violation of his constitutional rights to allow him to make that election by an express declaration that he does not wish to be tried by a jury.

There is nothing in *Hill v. People, 16 Mich., 351,* which conflicts with this conclusion.

The judgment of the circuit court, affirming the judgment of the justice, must therefore be affirmed.

The other Justices concurred.