PEOPLE *v.* TYSON

CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF CRIME—COURT'S
DUTY.

  A trial judge does not have to explain all of the elements of
    the crime charged when accepting a plea of guilty unless there
    is some reason to doubt that the defendant understands the
    nature of the accusation.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J.  Submitted Division 1 February
23, 1971, at Lansing.  (Docket No. 10415.)  Decided
June 28, 1971.

Eugene Tyson was convicted, on his plea of guilty,
of attempted armed robbery.  Defendant appeals.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Arthur N. Bishop,*
Assistant Prosecuting Attorney, for the people.

*Kenneth D. Kruse,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and
DANHOF, JJ.

---

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 487 *et seq.*
Court's duty to advise or admonish accused as to consequences of
  plea of guilty, or to determine that he is advised thereof.  97
  ALR2d 549.

Per Curiam. Defendant was arrested on the charge of assault with intent to rob being armed contrary to MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). With the benefit of counsel defendant tendered a plea of guilty to the lesser offense of attempted robbery armed contrary to MCLA § 750.92 (Stat Ann 1962 Rev § 28.287), and MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). With the assistance of court-appointed appellate counsel, a timely claim of appeal has been filed and grounded on the single contention that the lower court erred in accepting the plea by failing to satisfactorily inform the defendant as to the nature of the accusation. A motion to affirm the conviction and sentence of the lower court is filed by the people.

Defendant contends that the lower court failed to explain to the defendant each of the elements necessary to establish the crime of attempted robbery armed. The trial judge does not have to explain each of the elements of the crime charged at a guilty-plea proceeding unless there is some reason to doubt that the defendant understands the nature of the accusation. *People* v. *Harvey* (1970), 24 Mich App 363.

The rather extensive plea transcript clearly demonstrates that the defendant understood the nature of the accusation to which he was offering a plea.

Motion to affirm is granted.