PEOPLE v PIFFER

1. CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO NONJURY TRIAL—WAIVER.

A trial judge is not required to obtain an express waiver of the right to a nonjury trial from a defendant before accepting the defendant's plea of guilty, because the right to a nonjury trial is a statutory right and the defendant's plea waives the right (MCLA 763.3).

2. CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO NONJURY TRIAL—ADVICE OF RIGHTS.

Trial judge advised defendant, before accepting the defendant's plea of guilty, that he had a right to a nonjury trial where the judge told the defendant that he had a right to a trial which would be before the jury unless waived, because the fair import of the statement is that the defendant had a right to a trial which could be tried by a jury unless waived, in which case the trial would be by the judge.

3. CRIMINAL LAW—PLEA OF GUILTY—MAXIMUM SENTENCE—ADVISING DEFENDANT.

Failure to inform an accused of the maximum sentence for the crime charged does not necessarily invalidate his guilty plea, but rather is a factor to be considered in determining whether the plea was made understandingly (GCR 1963, 785.3[2]).

4. CRIMINAL LAW—PLEA OF GUILTY—MAXIMUM SENTENCE—ADVISING DEFENDANT.

Defendant's plea of guilty of uttering and publishing a forged check was understandingly made, even though the trial judge did not inform him of the maximum sentence for the crime charged, where the maximum sentence was listed as 14 years

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury § 72.
[2] 21 Am Jur 2d, Criminal Law §§ 489, 495;
    47 Am Jur 2d, Jury § 72.
[3] 21 Am Jur 2d, Criminal Law § 487.
[4] 21 Am Jur 2d, Criminal Law § 490.
[5] 21 Am Jur 2d, Criminal Law § 489 et seq.

on the information, which was given to the defendant to read, defendant had been twice previously convicted of forgery, and the defendant was aware that a prison sentence was imminent after the trial judge had discussed his prior convictions and had concluded that the defendant could not be put on probation.

5. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF CRIME.

A trial judge is not required to explain each of the elements of the crime charged at a guilty plea proceeding unless there is some reason to doubt that the defendant understands the nature of the charge (MCLA 768.35).

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 January 4, 1972, at Grand Rapids. (Docket No. 11464.) Decided May 1, 1972.

Benny D. Piffer was convicted, on his plea of guilty, of uttering and publishing a forged instrument. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney, for the people.

*Larry R. Farmer,* Assistant State Appellate Defender, for defendant.

Before: FITZGERALD, P. J., and R. B. BURNS and TARGONSKI,* JJ.

PER CURIAM. Defendant, Benny Dean Piffer, was convicted upon his plea of guilty of the crime of uttering and publishing. MCLA 750.249; MSA 28.446. He was sentenced to Jackson State Prison for a term of 4 to 14 years. Defendant now seeks to withdraw his guilty plea upon the basis that it was procured without satisfying the requirements of GCR 1963, 785.3(2) and MCLA 768.35; MSA 28.1058.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendant's first allegation is that the mandate of GCR 1963, 785.3(2) requiring "the court [to] inform the accused * * * of the consequence of his plea" was ignored by the trial judge's failure to advise him of his right to a nonjury trial. However, in *People v Logan,* 35 Mich App 600 (1971), this Court held that a trial judge did not commit error in failing to specifically inform a defendant represented by appointed counsel that his guilty plea waived his right to a nonjury trial. There is no constitutional right to a nonjury trial. *Singer v United States* 380 US 24; 85 S Ct 783; 13 L Ed 2d 630 (1965). Any right that the defendant may have had was strictly statutory. MCLA 763.3; MSA 28.856. Consequently the instant case involves a question of whether or not an express waiver must be obtained from a defendant when he is waiving a statutory right.

This Court in *People v McKinley,* 32 Mich App 178 (1971), held that an express waiver of a statutory right is not required and a plea of guilty can waive such right. In that case, defendant was convicted of armed robbery and with consent of all parties was granted a new trial on motion filed. The trial judge then accepted a plea of guilty to a charge of unarmed robbery. On appeal, McKinley argued that he never waived his right to a preliminary examination on the charge of unarmed robbery. This Court held that the plea of guilty waived defendant's statutory right to a preliminary examination.

In the case at bar, defendant had a statutory right to a nonjury trial but he waived that right by a plea of guilty. *People v McKinley, supra.* We therefore hold that no express waiver of the statutory right to a non-jury trial was required. *People v Rufus Williams,* 386 Mich 277 (1971), and *People*

v *Jaworski,* 387 Mich 21 (1972), do not apply since they are not retrospective, although they do spell out new guidelines to plea taking which are not in complete accord with the above conclusion. Additionally, the record here is not devoid of advice that defendant had a right to a nonjury trial. The trial judge may be criticized only for being unclear. He told defendant that he had a right to a trial which would be before the jury unless waived. The fair import of this language is that defendant has a right to a trial which could be tried by a jury unless waived, in which case the trial would be by the judge. This is supported by the fact that the second inquiry by the judge stated: "you waive your right to a trial on it", and not "you waive your right to a jury trial".

Furthermore, defendant is unable to carry the burden of establishing a miscarriage of justice. *People v Winegar,* 380 Mich 719, 731 (1968). He was no stranger to the judicial structure, having received a three-year probationary sentence for one forgery conviction and a 1–1/2 to 21-year sentence for a second forgery conviction.

Defendant next contends that the trial judge must inform him of the minimum and maximum sentence as a "consequence" of his guilty plea. In *People v Dunn,* 380 Mich 693 (1968), our Supreme Court held that the rule requiring a defendant to be advised of the "consequences" of his plea did not require the trial judge to inform him of the maximum sentence which could be imposed.[1] However, this Court later held that the failure to inform a defendant of the minimum and maximum sentence is to be considered in determining whether a plea is made understandingly. *People v Ferguson,* 13 Mich App 362 (1968).[2]

---

[1] See also *People v Taylor,* 383 Mich 338 (1970).

[2] This decision was affirmed by an equally-divided Supreme Court, in *People v Ferguson,* 383 Mich 645 (1970).

In *Ferguson,* this Court distinguished between the "consequences" of a guilty plea and the "understanding" with which it is pleaded, specifically determining that while *Dunn* held that the "consequences" of a guilty plea do not require advice of the maximum sentence, nothing in *Dunn* eliminates this requirement for ascertaining the "understanding" of the plea. Consequently, the failure to inform the accused of the maximum sentence does not necessarily invalidate a guilty plea but rather is a factor to be considered in determining whether the plea is made "understandingly". *Ferguson, supra,* p 367.

Turning now to the instant case, while the examination is devoid of any statements by the trial judge concerning the maximum sentence for uttering and publishing, the maximum sentence was listed as 14 years on the information which was handed to defendant to read. In addition, defendant was aware that a prison sentence was imminent after the trial judge had discussed defendant's prior convictions and concluded:

*"The Court:* Well, Mr. Piffer, I'm sure you realize I can't put you on probation in this case.
*"Respondent:* Yes, sir."

Further, as mentioned, defendant had been twice previously convicted of forgery. Therefore, based on these circumstances it cannot be said that defendant did not "understandingly" make his plea.[3]

---

[3] Our Supreme Court had indicated in *People v Rufus Williams,* 386 Mich 277 (1971), that a new rule shall be effective for all guilty pleas taken on or after April 1, 1972. Included in the guidelines for consideration in the promulgation of this new rule is the following, found in the Appendix [p 303]:
"(8) The court shall personally inform defendant of the maximum

Finally, defendant claims that he must be informed of the elements of the crime to which he is pleading guilty to insure that he has "full knowledge of the nature of the accusation" under MCLA 768.35; MSA 28.1058. On the contrary, the trial judge does not have to explain each of the elements of the crime charged at a guilty plea proceeding unless there is some reason to doubt that the defendant understands the nature of the charge. *People v Tyson,* 34 Mich App 685 (1971); *People v Melvin,* 18 Mich App 652 (1969). Further, we find that when defendant stated that he cashed the check in a department store, that the signature was a forgery, and that he knew that the store would be out of the money and property obtained, this did cover the elements of the crime for which he was charged which clearly went to establishing the crime and participation therein by defendant, and consequently, the truth of the plea. *People v Rufus Williams,* 386 Mich 277 (1971); *People v Barrows,* 358 Mich 267 (1959).[4]

Affirmed.

sentence prescribed by law and, if there is a mandatory minimum sentence, the minimum sentence prescribed by law; that pleading guilty is admitting violation of probation or parole for which the defendant may be punished;" (footnote omitted).

[4] *People v Rufus Williams, Supra,* fn 3:

"(7) The court shall personally inform defendant of the elements of the offense to which he is pleading guilty;" (footnote omitted).