PEOPLE v BATES

Docket No. 110637. Submitted December 20, 1988, at Lansing. Decided March 6, 1989.

Kimberly E. Bates, charged in the Oakland Circuit Court with embezzlement over $100 in connection with a December, 1987, transaction, sought on June 28, 1988, to waive jury trial. Over the objection of the prosecutor, the trial court, James S. Thorburn, J., allowed the waiver, ruling that 1988 PA 89, effective June 1, 1988, which amended MCL 763.3; MSA 28.856 so as to require the consent of the prosecutor before trial by jury can be waived, did not apply in this case since the alleged crime occurred before the effective date of the statutory amendment. The people sought and were granted leave to appeal in the Court of Appeals.

The Court of Appeals *held:*

A statute is generally presumed to operate prospectively unless a contrary intent is expressly or impliedly shown by the Legislature. An exception to this general rule is recognized where a statute is remedial or procedural in nature. Statutes, like the amendment in question here, which operate in furtherance of a mode of procedure and which do not create new rights nor destroy, enlarge, or diminish existing rights are generally held to operate retroactively in the absence of a contrary legislative intent.

Reversed.

CRIMINAL LAW — JURY TRIAL — WAIVER OF JURY TRIALS — CONSENT BY PROSECUTOR.

Waiver of trial by jury must be with the consent of the prosecutor in any criminal proceeding where waiver was not effected before June 1, 1988, the effective date of the public act which amended the statute relating to waiver of jury trial so as to require the consent of the prosecutor (1988 PA 89; MCL 763.3; MSA 28.856).

REFERENCES

Am Jur 2d, Criminal Law § 899; Jury § 79.

Right of accused, in state criminal trial, to insist, over prosecutor's or court's objection, to trial by court without jury. 37 ALR4th 304.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Stuart L. Young,* for defendant.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and V. L. WASHINGTON,* JJ.

MICHAEL J. KELLY, P.J. The Oakland County Prosecutor appeals by leave granted from a circuit court decision permitting defendant Kimberly E. Bates to waive her right to a jury trial over the objection of the prosecutor. The lower court concluded that the amended version of MCL 763.3; MSA 28.856, which requires the prosecutor's consent in order to waive a jury trial, does not apply to charges based upon criminal activity which occurred prior to June 1, 1988, the effective date of the statute. We reverse.

Defendant is charged with embezzlement over $100, MCL 750.174; MSA 28.371. The charge alleges that the embezzlement occurred in December of 1987. Defendant sought to waive her right to trial by jury on June 28, 1988. The prosecutor opposed this waiver, asserting that defendant could not waive a jury trial without the prosecution's consent pursuant to 1988 PA 89, MCL 763.3; MSA 28.856, as amended. This amended version of the statute provides:

> In all criminal cases arising in the courts of this state the defendant may *with the consent of the prosecutor* and approval by the court, waive a determination of the facts by a jury and elect to be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tried before the court without a jury. [MCL 763.3; MSA 28.856. Emphasis added.]

Section 2 of 1988 PA 89 provides: "This amendatory act shall take effect June 1, 1988. This act is ordered to take immediate effect."

The circuit court concluded that these statutory provisions should not be applied to charges filed prior to June 1, 1988, and granted defendant's request for a waiver of a jury trial. The circuit judge reasoned that the retroactive application of Act 89 was improper because

> previously she had the right at the time the crime was committed and it shouldn't—the time that ensues should not affect the effective date of when it's effective, and the court's of the opinion it should be effective as of the date of the enactment and any crimes committed thereafter, it's a constitutional statute. But it obviously can't be given retroactive effect.

On appeal, the people argue that the trial court erred by determining that the amended version of MCL 763.3; MSA 28.856 did not apply to defendant's jury waiver. We agree and reverse the circuit court's grant of defendant's jury waiver.

A statute is generally presumed to operate prospectively unless the contrary intent is expressly or impliedly shown by the Legislature. *Selk v Detroit Plastic Products,* 419 Mich 1, 9; 345 NW2d 184 (1984). An exception to this general rule is recognized where a statute is remedial or procedural in nature. *Franks v White Pine Copper Div,* 422 Mich 636, 672; 375 NW2d 715 (1985); *Selk, supra,* p 10. Statutes which operate in furtherance of a mode of procedure and which do not create new rights nor destroy, enlarge, or diminish existing rights are generally held to operate retroac-

tively unless a contrary legislative intent is shown. *Franks, supra,* p 672; *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480, 485; 124 NW2d 286 (1963).

There is no indication of a legislative intent that 1988 PA 89 be given only prospective effect. The amendments in Act 89 operate purely in furtherance of a mode of procedure and, therefore, should be given full retroactive effect under *Franks.*

The amended version of MCL 763.3; MSA 28.856 neither creates new rights nor enlarges, diminishes, or destroys defendant's existing rights. There is no absolute or constitutional right to waive a jury trial in order to proceed with a bench trial. *Singer v United States,* 380 US 24; 85 S Ct 783; 13 L Ed 2d 630 (1965). *People v Henderson,* 246 Mich 481, 483-485; 224 NW 628 (1929); *People v Piffer,* 40 Mich App 419, 421; 198 NW2d 883 (1972). See also *Detroit Free Press v Recorder's Court Judge,* 409 Mich 364, 377, n 4; 294 NW2d 827 (1980). Any right to a trial without a jury depends solely upon statutory authority permitting such a waiver, and does not exist in the absence of such authority. *Henderson, supra; Piffer, supra.* Grant of a bench trial to an accused may be conditioned upon the consent of the judge and the prosecutor. *Singer, supra; Detroit Free Press, supra.*

Since there is no vested or substantive right to a bench trial, it cannot be said that the Act 89 amendments have taken away any such rights. Defendant sought to take advantage of the jury waiver authorized by MCL 763.3; MSA 28.856, so she was required to accept the statutory procedural conditions which attend that right.

We also note that this is not truly a question of retroactive application of Act 89, as the amendments were in effect prior to defendant's request

for a jury waiver. "[W]hen a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending and future actions." *Hansen-Snyder, supra,* p 485. Defendant had two months, from March 30 to June 1, 1988, in which to unilaterally waive her jury trial, yet failed to do so prior to the effective date of 1988 PA 89. Defendant had no statutory right to unilaterally waive a jury trial after the effective date of the statute. The circuit judge erred in holding that Act 89 could not be applied to defendant's case.

Reversed.