PEOPLE v RODGERS

Docket No. 112414. Submitted July 12, 1989, at Lansing. Decided
    September 5, 1989.

John Solon Rodgers, charged in the Genesee Circuit Court with
    second-degree murder and leaving the scene of a serious per-
    sonal injury accident, sought on September 28, 1988, to waive
    his right to trial by jury. The prosecution objected pursuant to
    MCL 763.3(1); MSA 18.856(1), as amended by 1988 PA 89,
    effective June 1, 1988, which provides that waiver of trial by
    jury must be with the consent of the prosecutor. The trial
    court, Earl E. Borradaile, J., accepted defendant's waiver. The
    prosecution sought and was granted leave to file an interlocu-
    tory appeal.

    The Court of Appeals *held:*

    1. A defendant's right to trial by jury is secured by both the
    federal and state constitutions. However, a defendant has no
    substantive right to a nonjury trial.

    2. The Michigan Supreme Court, which is vested under the
    Michigan Constitution with the power to enact rules of practice
    and procedures in state courts, has not adopted a procedural
    rule which precludes the Legislature from enacting a valid
    statute that gives the prosecution veto power over waiver of the
    right to a jury trial in a criminal case.

    3. Public Act No. 89 was not enacted by the Legislature in
    derogation of the Michigan Supreme Court's rule-making power
    to establish judicial procedure. Contrary to defendant's claim,
    1988 PA 89 does not conflict with MCR 6.101(F)(1)(c)(ii), which
    relates to the prerequisites for acceptance of a plea of guilty or
    nolo contendere. Subsection (F)(1)(c)(ii) requires a court to in-
    form a defendant that, if his plea is accepted, he will not have
    "the right . . . to trial by the court if the defendant does not
    want trial by jury." By this subsection, the Supreme Court did
    not intend to confer on a defendant a substantive right to a

REFERENCES

Am Jur 2d, Criminal Law §§ 677, 894-899.
Right of accused, in state criminal trial, to insist, over prosecutor's
    or court's objection, on trial by court without jury. 37 ALR4th
    304.

nonjury trial. Instead, the Supreme Court was merely acknowledging the existing practice prior to 1988 PA 89, which was to leave the choice of jury or nonjury trial entirely to the defendant.

Reversed.

1. CRIMINAL LAW — JURY TRIAL — CONSTITUTIONAL LAW.

A defendant enjoys a constitutional right to trial by jury; however, he has no substantive right to a nonjury trial (US Const, art III, § 2 and Am VI; Const 1963, art 1, § 20).

2. CRIMINAL LAW — JURY TRIAL — WAIVER OF JURY TRIAL — CONSENT BY PROSECUTOR.

The statute which provides that waiver of the right to trial by jury in a criminal case must be with the consent of the prosecutor does not conflict with any rules of practice and procedure established by the Michigan Supreme Court; until superseded by a rule adopted by the Supreme Court, the statute sets forth a valid rule (MCL 763.3[1]; MSA 28.856[1], MCR 1.104).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *Robert E. Weiss*, Prosecuting Attorney, and *Donald A. Kuebler*, Chief, Appellate Divison, for the people.

*Daniel D. Bremer*, for defendant.

Before: SHEPHERD, P.J., and BEASLEY and GRIBBS, JJ.

BEASLEY, J. The Genesee County Prosecutor appeals by leave granted from a circuit court decision permitting defendant, John Solon Rodgers, to waive his right to a jury trial over the prosecutor's objection. We reverse.

The charges against defendant stemmed from a fatal automobile accident on October 13, 1987. On April 11, 1988, defendant was arraigned on charges of second-degree murder[1] and leaving the

---

[1] MCL 750.317; MSA 28.549.

scene of a serious personal injury accident.[2] On September 28, 1988, defendant sought to waive a jury trial. The prosecutor objected, citing MCL 763.3(1); MSA 28.856(1), as recently amended. The amended statute, effective June 1, 1988, provides in pertinent part as follows:

> In all criminal cases arising in the courts of this state the defendant may, *with the consent of the prosecutor* and approval by the court, waive a determination of the facts by a jury and elect to be tried before the court without a jury. [Emphasis added.]

The circuit court determined that the amended statute did not "retroactive[ly]" apply to the case, and that the former version of the statute contained no reference to prosecutorial consent. The circuit court also reasoned that the Legislature may not meddle or interfere with the Michigan Supreme Court's authority in matters of practice and procedure. Hence, the court accepted defendant's waiver of a trial by jury. The prosecutor appeals.

In the federal system, Article III, § 2 of the United States Constitution and the Sixth Amendment provide:

> The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; . . . . [US Const, art III, § 2.]
> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . . [US Const, Am VI.]

---

[2] MCL 257.617; MSA 9.2317.

In *Singer v United States,*[3] the Supreme Court placed these provisions in correct historical perspective, upholding the validity of a federal criminal procedure rule which conditioned a defendant's right to waive a jury trial upon consent of the federal prosecutor and approval of the court.

Article 1, § 20 of the 1963 Michigan Constitution provides:

> In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 jurors in prosecutions for misdemeanors punishable by imprisonment for not more than 1 year; to be informed of the nature of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to have the assistance of counsel for his defense; to have an appeal as a matter of right; and as provided by law, when the trial court so orders, to have such reasonable assistance as may be necessary to perfect and prosecute an appeal. [Const 1963, art 1, § 20.]

In the within case, first we note that a question of whether to afford retroactive application of the amended statute is not in fact involved, since defendant's waiver request was made after the effective date of the amendment.[4]

Further, the statute is essentially a procedural one. As we stated in *People v Bates:*[5]

> The amended version of MCL 763.3; MSA 28.856 neither creates new rights nor enlarges, diminishes, or destroys defendant's existing rights. There is no absolute or constitutional right to waive a jury trial in order to proceed with a bench

---

[3] 380 US 24; 85 S Ct 783; 13 L Ed 2d 630 (1965); see US Const, Am VI.

[4] *People v Bates,* 175 Mich App 490, 493-494; 438 NW2d 298 (1989).

[5] *Id.* at 493.

trial. *Singer v United States,* 380 US 24; 85 S Ct
783; 13 L Ed 2d 630 (1965). *People v Henderson,*
246 Mich 481, 483-485; 224 NW 628 (1929); *People
v Piffer,* 40 Mich App 419, 421; 198 NW2d 883
(1972). See also *Detroit Free Press v Recorder's
Court Judge,* 409 Mich 364, 377, n 4; 294 NW2d
827 (1980). Any right to a trial without a jury
depends solely upon statutory authority permit-
ting such a waiver, and does not exist in the
absence of such authority. *Henderson, supra;
Piffer, supra.* Grant of a bench trial to an accused
may be conditioned upon the consent of the judge
and the prosecutor. *Singer, supra; Detroit Free
Press, supra.*

Since there is no vested or substantive right to a
bench trial, it cannot be said that the Act 89
amendments have taken away any such rights.
Defendant sought to take advantage of the jury
waiver authorized by MCL 763.3; MSA 28.856, so
she was required to accept the statutory proce-
dural conditions which attend that right.

We do not believe that the Legislature could
validly enact a statute in derogation of the Michi-
gan Supreme Court's rule-making power to estab-
lish judicial procedure. The enactment of rules of
practice and procedure has been committed to the
Michigan Supreme Court.[6] The Legislature may
not interfere with that function "save as the Court
may acquiesce and adopt for retention at judicial
will."[7] Thus, MCR 1.104 provides:

> Rules of practice set forth in any statute, *if not
> in conflict with any of these rules,* are effective
> until superseded by rules adopted by the Supreme
> Court. [Emphasis added.]

Here, defendant asserts a conflict between the

---

[6] Const 1963, art 6, § 5; MCL 600.223; MSA 27A.223; *Perin v Peuler,*
373 Mich 531, 541; 130 NW2d 4 (1964).

[7] *Perin, supra* at 541.

statute and MCR 6.101(F)(1)(c)(ii), which addresses the prerequisites to acceptance of guilty or nolo contendere pleas. Subsection (F)(1)(c) of the rule requires the trial court to tell the defendant that, if the plea is accepted, he will not have a trial of any kind and gives up, inter alia, "the right . . . to trial by the court if the defendant does not want trial by a jury."[8] Defendant argues that this rule implies the existence of a substantive right to a nonjury trial. We do not agree. MCR 6.101(F)(1)(c)(ii) was adopted *before* MCL 763.3(1); MSA 28.856(1) was enacted, that being at a time when commonly accepted practice did not give the prosecutor a say about whether or not defendant could waive a jury trial. We do not believe that in adopting MCR 6.101(F)(1)(c)(ii), the Supreme Court intended to confer on a defendant a substantive right to a nonjury trial. Rather, the Supreme Court was acknowledging the existing practice which had the effect of leaving the choice of a jury trial versus a nonjury trial to the defendant; or, to put it conversely, the Supreme Court was acknowledging that the prosecution did not then have a vote in the decision whether to waive a jury trial.

Consequently, we conclude that (1) defendant did not have a substantive right to a nonjury trial; (2) defendant's only *constitutional* right was to a jury trial; (3) the Supreme Court has not adopted a procedural rule that precludes the Legislature from enacting a valid statute that gives the prosecution a veto power over waiver of jury trials in criminal cases; and (4) therefore, MCL 763.3(1); MSA 28.856(1) is valid and the trial court order is reversed.

Reversed.

---

[8] MCR 6.101(F)(1)(c)(ii).