*In re* WAYNE COUNTY PROSECUTOR

Docket No. 110605. Submitted June 18, 1991, at Detroit. Decided November 26, 1991; approved for publication January 29, 1992, at 9:05 A.M. Leave to appeal denied, 439 Mich —.

Wayne County Prosecutor John D. O'Hair brought an action for superintending control in the Court of Appeals against Detroit Recorder's Court Judge Henry L. Heading, seeking to have the judge grant a new trial in the case against Robert Lucas, who was acquitted of felony charges after a trial that started before a jury but concluded as a bench trial after Judge Heading allowed Lucas, over the prosecutor's objection, to waive jury trial upon the close of the prosecutor's proofs.

The Court of Appeals *held:*

1. MCL 763.3; MSA 28.856, as amended by 1988 PA 89, effective June 1, 1988, requires a defendant to obtain the consent of the prosecutor and the trial court before waiving a jury trial and proceeding with a bench trial. Because the amended statute is procedural in nature and conveys no substantive right, its application to Lucas does not give rise to an ex post facto violation even though his alleged offenses were committed before the effective date of the amendment of the statute; the trial court erred in ruling otherwise.

2. The relief sought by the prosecutor is precluded by the constitutional protections against double jeopardy. Once a defendant is acquitted, retrial is barred even where acquittal results from an erroneous evidentiary ruling or an erroneous interpretation of law.

3. The trial judge exceeded the bounds of judicial decorum when, in the presence of the jury, he criticized the prosecutor for objecting to the waiver of jury trial.

Complaint dismissed.

REFERENCES

Am Jur 2d, Constitutional Law §§ 296, 298; Criminal Law §§ 646, 648.

Supreme Court's views as to application, in state criminal prosecution, of double jeopardy clause of Federal Constitution's Fifth Amendment. 95 L Ed 2d 924.

Supreme Court's views as to what constitutes an ex post facto law prohibited by Federal Constitution. 53 L Ed 2d 1146.

1. Constitutional Law — Ex Post Facto Clause — Criminal Law — Waiver of Jury Trials.

  The statute requiring a criminal defendant to obtain the consent of the prosecutor and the trial court before waiving a jury trial, is procedural in nature and does not give rise to an ex post facto violation where it is applied to a defendant whose alleged offense was committed before its effective date (US Const, art I, § 10; Const 1963, art 1, § 10; 1988 PA 89, MCL 763.3; MSA 28.856).

2. Constitutional Law — Double Jeopardy.

  Once a defendant is acquitted, retrial is barred by the Double Jeopardy Clause even where acquittal results from an erroneous evidentiary ruling or an erroneous interpretation of law (US Const, Am V; Const 1963, art 1, § 15).

*John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the plaintiff.

*Alphonso R. Harper,* for the defendant.

Before: Marilyn J. Kelly, P.J., and Wahls and Shepherd, JJ.

Per Curiam. This is an original action for superintending control brought by the Wayne County Prosecutor. Robert Lucas had been charged with armed robbery, MCL 750.529; MSA 28.797, assault with intent to murder, MCL 750.83; MSA 28.278, and first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). After Lucas was bound over for trial in the Detroit Recorder's Court, he asserted his right to a jury trial. Trial began before a jury, but Lucas requested a waiver of his right to a jury at the close of the proofs and asked that the merits of the case be decided by the trial judge. Over the prosecutor's objection, Lucas' request was granted. The trial judge thereafter

found Lucas not guilty on the basis of his assessment of the credibility of the complaining witness.

The trial judge erred when he held that MCL 763.3; MSA 28.856, as amended by 1988 PA 89, effective June 1, 1988, did not apply to Lucas' motion, which was brought on June 28, 1988. The amended version of MCL 763.3; MSA 28.856 requires a defendant to obtain the consent of the prosecutor and the court before waiving a jury trial and proceeding with a bench trial. Contrary to the trial judge's belief, no ex post facto violation would have occurred if the amended version of the statute had been applied to a motion brought after the amendment's effective date but relating to alleged criminal conduct that occurred before the amendment. MCL 763.3; MSA 28.856 is a procedural statute that conveys no substantive rights. *People v Rodgers,* 180 Mich App 111; 446 NW2d 845 (1989); *People v Bates,* 175 Mich App 490; 438 NW2d 298 (1989). There is no constitutional right to a bench trial. *Singer v United States,* 380 US 24; 85 S Ct 783; 13 L Ed 2d 630 (1965); *Bates, supra* at 493. The Ex Post Facto Clause does not restrict legislative control of remedies and modes of procedure that do not affect matters of substance or vested rights. *People v Davis,* 181 Mich App 354, 358; 448 NW2d 842 (1989), quoting *Miller v Florida,* 482 US 423, 433; 107 S Ct 2446; 96 L Ed 2d 351 (1987), and *Calder v Bull,* 3 US (3 Dall) 386, 390; 1 L Ed 648 (1798). Application of the amended version of MCL 763.3; MSA 28.856 to Lucas' motion would not have resulted in an ex post facto violation.

The prosecutor argues that, because the trial judge erred as a matter of law in overruling the objection to the jury waiver, this Court should order a new trial of Lucas, presumably before a jury. This Court may generally entertain com-

plaints for superintending control only where it is alleged that a trial court has committed an error of law; superintending control is not to be used to review an alleged abuse of discretion. *Wayne County Prosecutor v Recorder's Court Judge (On Remand),* 167 Mich App 282; 421 NW2d 665 (1988). The relief requested by the prosecutor in this case would be inappropriate, however, because it would twice place Lucas in jeopardy in violation of US Const, Am V; Const 1963, art 1, § 15.

Among the protections afforded by the Double Jeopardy Clause is the prohibition against retrial following acquittal. "The Clause secures the defendant's interests in (1) the finality of judgments, and (2) protection against multiple prosecutions." *People v Anderson,* 409 Mich 474, 482-483; 295 NW2d 482 (1980), cert den 449 US 1101 (1981).

> If a trial ends in a judgment of acquittal, both interests are implicated, and there can be no retrial. This has been called "the most fundamental rule in the history of double jeopardy jurisprudence," and is absolute. It applies whether the acquittal is based on findings of a judge or the verdict of a jury, and whether it is erroneously based or brought about with the defendant's voluntary participation. [*Anderson, supra* at 483.]

When a criminal defendant has been acquitted, retrial on the same charge is barred even if the legal ruling underlying the acquittal was erroneous. *Sanabria v United States,* 437 US 54, 64; 98 S Ct 2170; 57 L Ed 2d 43 (1978); *Fong Foo v United States,* 369 US 141; 82 S Ct 671; 7 L Ed 2d 629 (1962). "The essential character of an acquittal is not altered depending on whether it results from an erroneous evidentiary ruling or an erroneous interpretation of governing legal principles." *People v Jakiel,* 92 Mich App 754, 758; 285 NW2d 448 (1979), citing *United States v Scott,* 437 US 82, 98;

98 S Ct 2187; 57 L Ed 2d 65 (1978), reh den 439 US 883 (1978).

In this case, Lucas was acquitted by the trial judge on the merits of the evidence. Given the degree of protection afforded by the Double Jeopardy Clause in this situation, we consider it to be of no consequence that the trial judge's erroneous understanding of MCL 763.3; MSA 28.856 resulted in him, rather than the jury, sitting as the trier of fact. This circumstance is no more relevant to our inquiry than a trial court's legally erroneous taking of a plea at midtrial over the prosecution's objection. See *Anderson, supra.* We reject the prosecutor's argument that "discharging the jury stripped the court of jurisdiction to proceed to verdict . . . [and] any purported verdict returned by the court was void." The fact remains that an acquittal on the merits has been had, and its character is not altered by the erroneous interpretation of a legal principle. *United States v Scott, supra* at 98. Jurisdiction lies with the court, not any particular trier of fact within that court.

In closing, we find wholly inappropriate the court's criticism of the prosecutor's office, which criticism the trial judge launched into upon the prosecutor's objection to Lucas' motion and continued in front of the jury before it was dismissed. The trial judge's attack before the jury exceeded the bounds of judicial decorum. Whatever belief motivated the criticism also appears to have clouded the trial judge's decision not to grant the prosecutor's motion for a stay of the proceedings, presumably brought in order to take an interlocutory appeal from the judge's ruling on Lucas' motion. An interlocutory appeal was the proper avenue for review of the judge's decision and would have forestalled the double jeopardy problem that we have resolved today.

Complaint dismissed.