PEOPLE v KIRBY

PEOPLE v McKINNEY

Docket Nos. 91803, 91959. Argued May 7, 1992 (Calendar Nos. 2-3). Decided August 4, 1992.

Darryl J. Kirby was charged in the Detroit Recorder's Court with breaking and entering, felonious assault, first-degree criminal sexual conduct, and obstruction of justice. The court, M. John Shamo, J., granted the defendant's motion to waive a trial by a jury over the objection of the prosecution. The Court of Appeals, BRENNAN, P.J., and HOOD and SULLIVAN, JJ., in lieu of granting leave to appeal, reversed the order granting waiver and remanded the case to the trial court (Docket No. 138856).

Arnold McKinney, Sr., was charged in the Detroit Recorder's Court with felonious assault and possession of a firearm during the commission of a felony. The court, M. John Shamo, J., granted the defendant's motion to waive a trial by jury over the objection of the prosecution. The Court of Appeals, SHEPHERD, P.J., and MICHAEL J. KELLY and CAVANAGH, JJ., peremptorily reversed the order granting waiver and remanded the case to the trial court (Docket No. 139204). The defendants appeal.

In a unanimous opinion by Justice RILEY,.the Supreme Court held:

While a criminal defendant's right to trial by jury is guaranteed by the Michigan and United States Constitutions, there is no corresponding constitutional right to waive a trial by jury; any rights a defendant may have to waive a jury trial are solely those granted by the Legislature.

1. The unconditional right to waive a criminal jury trial was and is not explicitly guaranteed by the Michigan Constitution. Case law interpreting the Michigan constitutional provisions consistently has held that there is no such constitutional right; rather, the right arises only by statute. Any legislative infringement of the statutory right does not rise to the level of a constitutional violation.

2. MCL 763.3; MSA 28.856 requires the consent of the prosecutor and approval by the trial court before a defendant may waive a jury trial. The denial of unconditional waiver does not

automatically deny a defendant the right to a fair trial. No due process violation is presented by the proper exercise of authority granted to a prosecutor by the Legislature.

*Kirby,* affirmed.

*McKinney,* affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief, Research, Training and Appeals, for the people.

*Patricia S. Slomski, Jack Van Coevering,* and *John R. Minock* for the defendants.

Amici Curiae:

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, and *Michael J. Modelski,* Chief, Appellate Division, for Oakland County Prosecutor.

*Elizabeth L. Jacobs* for Criminal Defense Attorneys of Michigan.

RILEY, J. In these cases we are asked to decide whether MCL 763.3; MSA 28.856 and MCR 6.401,[1]

[1] MCL 763.3; MSA 28.856, effective June 1, 1988, provides in pertinent part:

In all criminal cases arising in the courts of this state the defendant may, with the consent of the prosecutor and approval by the court, waive a determination of the facts by a jury and elect to be tried before the court without a jury.

MCR 6.401, effective October 1, 1989, provides:

The defendant has the right to be tried by a jury, or may, with the consent of the prosecutor and approval by the court, elect to waive that right and be tried before the court without a jury.

requiring the consent of the prosecution and approval by the court before a defendant may waive a criminal jury trial, are constitutional. While conceding that these rules are constitutional under federal constitutional analysis, see *Singer v United States,* 380 US 24; 85 S Ct 783; 13 L Ed 2d 630 (1965), defendants contend that these rules violate the Michigan Constitution because they preëmpt defendants' exclusive constitutional right to select the factfinder in a criminal case. They further maintain that the Michigan constitutional right to a jury trial encompasses the corresponding right of the defendant to waive a jury trial. We disagree. A review of Michigan constitutional provisions and corresponding Michigan case law illustrates that while a criminal defendant's right to trial by jury is guaranteed by the Michigan and federal constitutions, there is no corresponding constitutional right to waive a jury, and any rights a defendant may have to waive a jury are solely those granted to him by the Legislature.

## FACTS AND PROCEEDINGS

### A. *PEOPLE v KIRBY*

Defendant Darryl Kirby was charged with breaking and entering, felonious assault, first-degree criminal sexual conduct, and obstruction of justice.[2] Defendant requested that his case be tried by the court without a jury, and signed a written form for waiver of trial by jury. The prosecutor objected to the waiver, pursuant to MCL 763.3; MSA 28.856 and MCR 6.401, and demanded a jury trial. Over the objection of the prosecution, the trial judge accepted defendant's waiver after find-

---

[2] MCL 750.110; MSA 28.305, MCL 750.82; MSA 28.277, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c), and MCL 750.505; MSA 28.773, respectively.

ing MCL 763.3; MSA 28.856, and by implication MCR 6.401, unconstitutional. The Court of Appeals granted the prosecutor's motion for immediate consideration and, in lieu of granting leave to appeal, reversed the trial court's order granting defendant a waiver of jury trial, and remanded the case to the trial court.[3] We granted defendant's application for leave to appeal, and ordered that this case be argued and submitted with *People v McKinney*. 439 Mich 933 (1992).

### B. *PEOPLE v McKINNEY*

Defendant Arnold McKinney was charged with felonious assault and possession of a firearm during the commission of a felony.[4] Defendant appeared before the same trial judge as defendant Kirby, and requested to waive a jury trial. Defendant signed a written jury waiver form. Again over the objection of the prosecution, and the prosecutor's written demand for a jury trial, the trial judge accepted defendant's waiver, holding MCL 763.3; MSA 28.856, and by implication MCR 6.401, unconstitutional. A different panel of the Court of Appeals granted the motion by the prosecutor for immediate consideration, and in a peremptory order reversed the trial court's order granting defendant a waiver of jury trial and remanded the case to the trial court.[5] We granted defendant's application for leave to appeal. 439 Mich 933 (1992).

---

[3] Unpublished order of the Court of Appeals, entered May 3, 1991 (Docket No. 138856).

[4] MCL 750.82; MSA 28.277 and MCL 750.227b; MSA 28.424(2), respectively.

[5] Unpublished order of the Court of Appeals, entered May 23, 1991 (Docket No. 139204).

ANALYSIS

I

Michigan's first constitution provided, "[t]he right of trial by jury shall remain inviolate." Const 1835, art 1, § 9. In 1850, this· provision was amended:

The right of trial by jury shall remain, but shall be deemed to be waived in all civil cases unless demanded by one of the parties in such manner as shall be prescribed by law. [Const 1850, art 6, § 27.]

This language was incorporated verbatim in our 1908 constitution. Const 1908, art 2, § 13. And in 1963, the language remained the same, except for the addition of a second sentence dealing exclusively with civil cases.[6] The unconditional right to waive a criminal jury trial is thus not guaranteed explicitly by this, or any other, section of our present or prior constitutions.[7]

While the 1988 amendment of MCL 763.3; MSA 28.856 is the first time in Michigan jurisprudence that consent of the prosecutor and approval by the judge are required before a defendant may waive a jury trial, it is instructive to identify the rights of a defendant regarding waiver of jury trials under prior Michigan law.

Early cases under the 1850 constitution articulate the basic tenet that a jury trial was essential and could not be waived.·

---

[6] The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law. In all civil cases tried by 12 jurors a verdict shall be received when 10 jurors agree. [Const 1963, art 1, § 14.]

[7] See also Const 1963, art 1, § 20, Const 1908, art 2, § 19, Const 1850, art 6, § 28, and Const 1835, art 1, § 10.

> Again, by the provisions of the constitution and of the common law, persons charged with crime must be tried by a jury, and the law is well settled that this is imperative, and not a right to be waived . . . . [*People v Jackson,* 8 Mich 110, 111 (1860).]

Some of the early decisions showed a remarkable antipathy towards the option to waive a jury trial.

> Let it once be settled that a defendant may thus waive this constitutional right, and no one can foresee the extent of the evils which might follow . . . . [*Hill v People,* 16 Mich 351, 358 (1868).][8]

In contrast to waiver trials, this Court also noted that the right to a jury trial was closely guarded.

> The constitutional principle which underlies the right [to a jury trial] is one to which the people governed by the Common law have clung with, perhaps, more tenacity than to any other, and they have justly regarded it as not preserving simply one form of investigating the facts in preference to another, where both would have attained the same result, but as securing the mode of trial which was best calculated to ensure a just result and to secure the citizens against the usurpation of authority and against arbitrary or prejudiced action on the part of single individuals, who chanced to be possessed of judicial power. [*Van Sickle v Kellogg,* 19 Mich 49, 52 (1869).]

While it was acknowledged that possibly with proper legislative authority, a defendant could waive his right to trial by jury, *People v Smith,* 9 Mich 193 (1861), waiver of a jury was recognized at

---

[8] See also *Underwood v People,* 32 Mich 1, 2 (1875) ("[t]he right of trial by jury is secured by constitutional provisions, and it would not be competent to make any substantial changes in its character").

this time as a substantial right only if allowed by the Legislature. See *Ward v People,* 30 Mich 116 (1874). Moreover, where the statute allowed unconditional waiver, upon election solely by the defendant, the defendant alone had the right to waive a jury. *People v Steele,* 94 Mich 437, 438; 54 NW 171 (1892). However, where no statute allowed unconditional waiver by the defendant, and the defendant wished to waive a jury, no error was found in the judge's insistence on having the facts determined by a jury. *Grand Rapids v Bateman,* 93 Mich 135, 138; 53 NW 6 (1892).

> The Constitution (article 6, § 28) provides that in every criminal prosecution the accused shall have the right to a speedy and public trial by an impartial jury; and while it has been held that this right may be waived by the accused if he sees fit (*Ward v People,* 30 Mich 116), *there is no constitutional or statutory right* of the accused which requires the court to dispense with the aid of a jury in the trial of questions of fact. [Emphasis added.]

Not until a statute allowed for waiver of a jury in all criminal cases were all defendants given any rights regarding waiver. 1927 PA 175.

Under the 1908 constitution, similar constructions of the right to waiver were reflected in the case law.

> A statute is necessary to waiver of the right of trial by jury in a criminal case because at common law trial by jury prevailed exclusively. . . . It has always been the law of this State that trial by jury in a criminal case may be waived by the accused where the statute so provides. [*People v Henderson,* 246 Mich 481, 482-483; 224 NW 628 (1929).]

We are persuaded that

"[w]here a constitutional provision has received a

settled judicial construction, and is afterward incorporated into a new or revised constitution, or amendment, it will be presumed to have been retained with a knowledge of the previous construction, and courts will feel bound to adhere to it." [*Richardson v Secretary of State,* 381 Mich 304, 311; 160 NW2d 883 (1968).]

We so conclude because we believe that it must be presumed that a constitutional provision has been framed and adopted mindful of prior and existing laws and with reference to them. *Saginaw City Council v Saginaw Policemen & Firemen Retirement System Trustees,* 321 Mich 641, 647; 32 NW2d 899 (1948); *People v Cash,* 419 Mich 230, 241; 351 NW2d 822 (1984). Because the language of the 1963 constitutional provision regarding waiver mirrors the language of the 1850 and 1908 constitutions, we believe that the correct interpretation of defendants' current right of waiver is that it is exclusively a statutory right defined by the Legislature.

The Court of Appeals has consistently held that there is no constitutional right to waive a jury trial, and any right of waiver arises only by statute. See *People v Piffer,* 40 Mich App 419; 198 NW2d 907 (1972); *People v Brown,* 57 Mich App 568, 571; 226 NW2d 563 (1975); *People v Miller,* 121 Mich App 691, 700; 329 NW2d 460 (1982). The Court of Appeals has also held that the right of waiver is statutory and that the 1988 amendment requiring prosecutorial consent is procedural and within the authority of the Legislature.[9] *People v*

[9] While defendants argue that the conditions upon waiver are unconstitutional because they infringe upon a defendant's right of jury trial, they have not otherwise raised the argument that the statute is invalid per se. Statutes are presumed to be constitutional, and we will not "declare a statute unconstitutional unless it is plain

*Bates,* 175 Mich App 490, 493; 438 NW2d 298 (1989); *People v Rodgers,* 180 Mich App 111, 114, 116; 446 NW2d 845 (1989).

The above case analysis, as well as the 1961 constitutional debates indicating that the right to a jury trial should remain as it existed at the time of the convention,[10] clearly shows that the right to a jury trial is a constitutionally protected right, but that the right to waive a jury is a right that arises only by statute. While a defendant may be allowed to waive a right that he possesses, he may not demand an unconditional privilege to which he is not entitled. Thus, we conclude that there is no constitutional right to waive a jury trial, and that any legislative infringement of the prior statutory right to waive a jury trial does not, therefore, rise to the level of a constitutional violation.

II

Defendants also contend that the requirement of prosecutorial consent is a grant of arbitrary power to the state. Prosecutors will be allowed to "forum shop," essentially peremptorily challenging a judge who is otherwise qualified to hear the case. We do not agree. Speculated abuse of power properly granted by the Legislature does not invalidate an otherwise legitimate statute. A valid statute is not rendered unconstitutional solely because those charged with its administration may improperly administer it. *Rassner v Federal Collateral Society,* 299 Mich 206; 300 NW 45 (1941); *SEMTA v Secretary of State,* 104 Mich App 390; 304 NW2d 846 (1981). Moreover, arguments that a statute is un-

that it violates some provisions of the constitution." *Consumers Power Co v Attorney General,* 426 Mich 1, 10; 392 NW2d 513 (1986). See also *People v McLeod,* 407 Mich 632, 657; 288 NW2d 909 (1980).

[10] See 1 Official Record, Constitutional Convention 1961, p 539.

wise or results in bad policy should be addressed to the Legislature. *People v Ramsey,* 422 Mich 500; 375 NW2d 297 (1985).

Defendants also claim that the power to unconditionally waive a jury trial is an essential safeguard of the right to a fair trial. The right to a fair trial is a right guaranteed by both the federal constitution, US Const, Am XIV, and the Michigan Constitution, Const 1963, art 1, § 17. The right to waive a jury trial is not among the individual rights that are specifically guaranteed to the criminal defendant by § 20 of the Michigan Constitution.[11] Defendants do not draw this Court's attention to, nor are we aware of, any authority declaring that defendants must be allowed to waive a jury trial in order to receive a fair trial.

We hold, therefore, that denial of unconditional waiver of a jury does not automatically deny defendants the right to a fair trial.[12] Defendants' sole argument alleging a denial of due process is the denial of the unconditional right to waive a jury. Because we find that no due process violation is presented by the proper exercise of authority

[11] In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 jurors in prosecutions for misdemeanors punishable by imprisonment for not more than 1 year; to be informed of the nature of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to have the assistance of counsel for his defense; to have an appeal as a matter of right; and as provided by law, when the trial court so orders, to have such reasonable assistance as may be necessary to perfect and prosecute an appeal.

[12] Each case must be examined on its own merits for alleged due process violations. A situation might arise where because of other circumstances the denial of a waiver of a jury trial would violate defendant's due process rights. We do not address that possibility because it was not raised in the parties' arguments, nor is it apparent from the facts of the instant cases.

granted to the prosecutor by the Legislature, we affirm the holdings of the Court of Appeals, reversing the trial courts' denial of the prosecutors' claims for jury trials.

### CONCLUSION

While we are aware that other jurisdictions have addressed the issue of a criminal defendant's right of waiver,[13] we do not find it necessary to look beyond Michigan law to reach our conclusion. Defendants in Michigan have never been constitutionally guaranteed the right to waive a jury trial. The requirements of consent of the prosecutor and approval by the court are legislative determinations with which we will not interfere. While defendants are guaranteed a fair trial by the requirements of due process, we conclude that this guarantee does not automatically encompass the unconditional right to waive a jury, because, if denied waiver, a defendant is tried by an impartial jury, exactly that which he is constitutionally guaranteed.

Thus, we affirm the decisions of the Court of Appeals.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, GRIFFIN, and MALLETT, JJ., concurred with RILEY, J.

[13] See *Singer, supra.* Defendants urge this Court to follow the holding and analysis of the Illinois Supreme Court in *People ex rel Daley v Joyce,* 126 Ill 2d 209; 533 NE2d 873 (1988). We decline to follow that decision because we believe that the interpretation of a defendant's right to waiver as a right controlled by statute is the more sound decision in light of the jurisprudence of our state. While many states do in fact guarantee the unconditional right to waive a jury in felony cases, in all other states except Illinois that right is explicitly granted by either a state constitutional provision, or by a statute or court rule. See anno: 37 ALR4th 304.